Mr. Jim Pledger, Director Department of Finance and Administration P.O. Box 1272 Little Rock, Ar 72203
Dear Mr. Pledger:
This is in response to your request, prompted by Mr. Tim Leathers, Commissioner of Revenues, for an opinion on the collection of a sales and use tax in Saline County, Arkansas.
Specifically, Mr. Leathers notes that representatives of Saline County have proposed to suspend collection of their local sales and use tax. The tax was adopted by a vote of the electorate on August 21, 1990, for a maximum period of one hundred and forty-four months. The tax was levied under the authority of A.C.A. §§ 14-164-301—339 (Adv. Code Serv. 1992), and was to secure bonds in the maximum amount of twenty million dollars for the purpose of building a water supply lake. The county initially issued bonds in the amount of $1,800,000 to finance a feasibility project. These bonds have been retired, but the feasibility project has not been completed. The county wishes to suspend the tax until the feasibility project is complete and additional funds are necessary to construct the project.
Mr. Leathers has concluded that the Arkansas Constitution, Amendment 62, does allow the suspension of the tax. I have not been asked to address this issue and therefore, express no opinion thereon. The question posed by your request is whether the suspension of the tax would operate to suspend or "toll" the one hundred and forty-four month maximum period for levy of the tax.
As noted above, the tax was levied under the authority of A.C.A. §§ 14-164-301—339, which were enacted as enabling legislation for Amendment 62. Nowhere in this subchapter is a specified period of time at the end of which the tax will expire contemplated. The subchapter provides only that the portion of the tax pledged to secure the bonds shall not be repealed, abolished, or reduced so long as the bonds are outstanding (A.C.A. § 14-164-332(b)), and that the tax shall cease when there are no bonds outstanding. A.C.A. § 14-164-329(c)(1)(A) (Cum. Supp. 1991). In short, the tax under this subchapter is to continue until the bonds are retired. The subchapter does not contemplate the setting of an extraneous period (in this case one hundred and forty-four months) beyond which the tax may not be levied. Cf. A.C.A. §§ 26-74-208 and26-74-308 (authorizing the setting of a specified duration of the tax authorized under those subchapters).
It is therefore my opinion that a definitive answer to your question regarding the "tolling" of such a period would require a judicial determination.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh